IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

       v.

ONE 2001 BMW X5 VEHICLE, VIN# WBAFB33541LH17563, ITS TOOLS AND APPURTENANCES,

       Defendant.

Civil No. 03-1539-MA

OPINION & ORDER

Robert D. Nesler,
1000 S.W. 3rd Ave., Suite 500
Portland, OR 97204

    Assistant United States Attorney

Daniel P. Larsen
Ater Wynne LLP
222 S.W. Columbia St., Suite 1800
Portland, OR 97201

Mark Rabinovich
17337 Ventura Blvd., Suite #202
Encino, CA 91316

    Attorneys for Claimants Igor and Rimma Toshchakov

MARSH, Judge.

BACKGROUND

The United States filed a forfeiture Complaint on November 10, 2003. On March 2, 2004, claimants filed a timely claim of interest in defendant property. See 18 U.S.C. § 983(a)(2)(B); Supp. Admiralty & Mar. Claim Rule C(6). Now before me is claimants Rimma and Igor Toshchakov's Motion to Dismiss (#5) due to: (1) the government's misrepresentation in the Complaint that the defendant property, a 2001 BMW X5 vehicle ("vehicle"), is now located in the District of Oregon; (2) improper venue; and (3) a failure to state a claim. For the reasons set forth below, claimants' motion is denied.

I. **Complaint**

The Complaint states that the vehicle, "is now and during the pendency of this action will be located in the District of Oregon. The defendant was seized on land in California." Complaint, p. 2. In their reply, claimants argue for the first time that dismissal is appropriate because the vehicle was seized in California and is presently located in Santa Dominguez, California. Despite claimants' argument to the contrary, the government's misstatement in the Complaint is not a fatal flaw.

In a civil forfeiture proceeding, the res need not be located within the judicial district at the commencement of the case. See 28 U.S.C. § 1355; United States v. One 1978 Piper Cherokee Aircraft, 91 F.3d 1204, 1210 (9th Cir. 1996), cert. denied,

OPINION & ORDER - 2

531 U.S. 1131 (2001) (concluding "that the district court has jurisdiction over this civil forfeiture action despite the fact that [defendant's] aircraft never was brought within the geographical boundaries of the district"). Nevertheless, "[t]he general rule of in rem jurisdiction is that the court's power derives entirely from its control over the defendant res." U.S. v. One Lear Jet Aircraft, 836 F.2d 1571, 1573 (11th Cir. 1988) (holding that removal of the res from a court's territorial jurisdiction destroys appellate court's in rem jurisdiction) (citations omitted).

Because claimants first raise the issue of the situs of the vehicle in their reply, the government has not had the opportunity to respond. If in fact the vehicle is located in California, within fourteen days of this order, the government shall amend its Complaint pursuant to Fed. R. Civ. P. 15(c) and properly state the location of the vehicle and this court's jurisdiction over the vehicle.

## II. Venue

Claimants next argue that dismissal is appropriate because venue is improper. Specifically, claimants suggest that 28 U.S.C. § 1395(a), under which the government is proceeding, does not apply to an action in rem, and the vehicle was not involved in illegal activity in Oregon.

///

OPINION & ORDER - 3

"A civil proceeding for the recovery of a . . . forfeiture may be prosecuted in the district where it accrues or the defendant is found." 28 U.S.C. § 1395(a). The statutory notes to this section remark that the provisions that stated "such suit may be brought 'before any other court of competent jurisdiction' were omitted as misleading surplusage, since United States district courts under section 1355 of this title, have exclusive jurisdiction."

Nothing in 28 U.S.C. § 1395(a) suggests that this statute only applies to actions in personam. Instead, the Complaint in an in rem forfeiture action for violation of a federal statute need only state: "whether the property is within the district, and if the property is not within the district the statutory basis for the court's exercise of jurisdiction over the property[.]" SUPP. ADMIRALTY & MAR. CLAIM RULE C(2)(d)(ii).

In this instance, the Complaint clearly states the basis for the court's exercise of jurisdiction over the vehicle, namely 18 U.S.C. § 981; 28 U.S.C. §§ 1345, 1355, 1356. Moreover, Oregon is a viable venue because the government alleges in the Complaint that the vehicle was purchased in Oregon by Russell Cline, a resident of Oregon, with funds from a fraudulent investment scheme that accrued in Oregon, in an effort to further the fraud. This pleading sufficiently meets the venue requirements under 28 U.S.C. § 1395(a).

OPINION & ORDER - 4

III. **Failure to State a Claim**

Last, claimants argue that this Complaint should be dismissed for failure to state a claim upon which relief can be granted.

The government asserts in the agent's affidavit attached to the Complaint, and incorporated by reference, that the vehicle was involved in a transaction or traceable to a transaction that violates 18 U.S.C. §§ 1956 and 1957 and is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A). Complaint, Sulmonetti Aff., p. 1. A violation of 18 U.S.C. § 1956 requires that the government prove that the defendant: (1) conducted a financial transaction involving property that constituted proceeds of wire fraud activities; (2) knew that the property represented proceeds of the wire fraud; and (3) acted with the intent to promote the wire fraud activity. United States v. Sayakhom, 186 F.3d 928, 940 (9th Cir. 1999), cert. denied, 528 U.S. 1179 (2000).

Meanwhile, a violation of 18 U.S.C. § 1957 requires that the government prove that the defendant "knowingly engage[d] in or attempt[ed] to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity." See also United States v. Rogers, 321 F.3d 1226, 1229 (9th Cir. 2003).

The government alleges in the Complaint facts sufficient to meet the elements of 18 U.S.C. §§ 1956 and 1957. Specifically, the

OPINION & ORDER - 5

government alleges that funds from a fraudulent investment scheme that involved unlawful wire transactions were used to purchase the vehicle in an effort to facilitate money laundering. Accordingly, claimants' motion to dismiss the entire Complaint for failure to state a claim is denied.

In Count 2, the government asserts that the vehicle "was purchased with proceeds traceable to a violation of 18 U.S.C. § 1343 (wire fraud) . . . ." Complaint, p. 3. Claimants argue that at least Count 2 should be dismissed because "wire fraud" is not a "specified unlawful activity." Even though 18 U.S.C. § 981 does not specifically list wire fraud as a specified unlawful activity, the statute does cross-reference wire fraud as a specified unlawful activity. See 18 U.S.C. §§ 981(a)(1)(D)(vi), 1956(c)(7)(A), 1957(f)(3), 1961(1); see also Rogers, 321 F.3d at 1229 (using statutory construction to conclude that mail fraud is a specified unlawful activity).
///
///
///
///
///
///
///
///
///

Claimants suggest that this cross-referencing contradicts other statutes and is a "triple process of reference to other statutes." Wire fraud is plainly incorporated by reference as one of many specified unlawful activities. Count 2 is therefore properly plead. Accordingly, claimants' motion to dismiss Count 2 for failure to state a claim is denied.

IT IS SO ORDERED.

DATED this _16 day of June, 2004.

                                       /s/ Malcolm F. Marsh
                                       Malcolm F. Marsh
                                       United States District Judge